IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALI ODEH, and OSAMA "SAM" ODEH, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 4:06-CV-0225-K |
| | § | |
| RICHARD B. ROPER, et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's Order of Reference, this case has been referred to the United States Magistrate Judge. Before the Court is Defendants Timothy Spaulding ("Spaulding") and Gabrielle Taylor's ("Taylor") Motion to Dismiss Plaintiffs' First Amended Complaint, filed June 6, 2006. Plaintiffs Ali Odeh and Sam Odeh did not file a response.

**BACKGROUND**

The Court outlines only the background information contained in Plaintiffs' amended complaint that pertains to Spaulding and Taylor. On May 1, 1996, Spaulding, a Florida Highway Officer, discovered that the Odeh family was allegedly conspiring to reset odometers on cars in connection with their business of exporting used vehicles to Kuwait. (*Pl.'s Am. Compl.* at 9.) Plaintiffs accuse Spaulding of "collud[ing] with U.S. Customs Agent Andrew Johns, jointly and falsely claiming the Odehs' had violated 22 U.S.C. § 401 (the prohibition against the 'illegal shipment of war materials') as justification for their seizure of Odeh vehicles." (*Id.*) Plaintiffs claim that Spaulding thereafter conspired to alter court documents and lied under oath in order to facilitate the seizure of the Odehs' cars. (*Id.* at 9-10.) Plaintiffs state that no evidence existed to support allegations that the Odehs had violated export laws. (*Id.* at 10.) Taylor appears to be the Florida

prosecutor who initiated the judicial process to foreclose upon the Odehs' cars. (*See id.*) Plaintiffs accuse Taylor of concealing evidence that the Odehs did not violate export laws. (*Id.*) Plaintiffs' amended complaint seems to indicate that Florida state proceedings against them were initiated in 1996 and continued until January 12, 1998, at which time the Odehs signed a settlement agreement. (*Id.* at 15.) Plaintiffs' amended complaint contains more detailed allegations against Spaulding and Taylor, but the gravamen of the claims against them is that they conspired to seize Plaintiffs' property without a legal basis for the purpose of helping the Kuwait government destroy the Odehs' business.

Pursuant to *Bivens*[1] and 42 U.S.C. § 1983, Plaintiffs initiated this lawsuit against Spaulding and Taylor, in addition to fourteen other Defendants, on March 31, 2006. Spaulding and Taylor argue that the Court should dismiss Plaintiffs' claims against them for the following reasons: (1) the statute of limitations bars Plaintiffs' claims; (2) the Court lacks personal jurisdiction over Spaulding and Taylor; (3) the Rooker-Feldman doctrine bars Plaintiffs' claims; (4) Plaintiffs have failed to state a claim under 42 U.S.C. § 1983; and (5) qualified immunity bars Plaintiffs' claims.

## STANDARD OF REVIEW

When considering a motion to dismiss, the Court accepts as true the factual allegations plead by the non-moving party and any reasonable inferences that the Court can draw from the factual allegations. *Sw. Airlines Co. v. Farechase, Inc.*, 318 F. Supp. 2d 435, 437 (N.D. Tex. 2004) (citing *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994)). The non-moving party "must plead specific facts, not mere conclusory allegations" to survive a motion to dismiss. *Guidry*

---

[1] *See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

2

*v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The movant cannot easily prevail because the law does not favor motions to dismiss. *Mahone v. Addicks Util. Dist.*, 836 F.2d 921, 926 (5th Cir. 1988). Courts should not grant a motion to dismiss unless "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Since Plaintiffs in this case are proceeding *pro se*, the Court must construe the allegations in the complaint liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam); *Sec. & Exch. Comm'n v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam). The Court has an obligation to construe *pro se* plaintiffs' briefs more permissively and to make more allowances. *AMX, Int'l, Inc.*, 7 F.3d at 75. "[P]ro se litigant[s] [are] subject to less stringent standards than [those] represented by counsel." *Id.* (citing *Hughes v. Rowe*, 449 U.S. at 9).

## DISCUSSION

### I. Does the Statute of Limitations Bar Plaintiffs' Claims against Spaulding and Taylor?

Spaulding and Taylor first argue that the statute of limitations bars Plaintiffs' claims against them. In § 1983 actions, the general personal injury limitations period prescribed by state law applies. *Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998). The Texas statute of limitations for personal injury actions is two years. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon 1997). Therefore, the applicable limitations period in this case is two years.

Plaintiffs' allegations against Spaulding and Taylor all arise from the Florida forfeiture proceedings that occurred between 1996 and 1998. (*See Pl.'s Am. Compl.* at 9-15.) When describing their claims against Spaulding and Taylor, Plaintiffs do not make a single reference to a time period after 1998. (*See id.*) The only allegations in Plaintiffs' entire complaint that occurred

3

during the applicable limitations period are allegations concerning Sam Odeh's coram nobis motion that he filed in the Northern District of Texas on June 9, 2004. (*See id.* at 18-24.) However, none of Plaintiffs' claims concerning the alleged mishandling of Sam's coram nobis motion relate to Spaulding and Taylor. (*See id.*) The Court, therefore, finds that the factual allegations underlying Plaintiffs' claims did not occur during the applicable two-year limitations period. Nor does the Court find that Plaintiffs have cited any justification for the Court to toll the limitations period. Accordingly, the Court concludes that the statute of limitations bars Plaintiffs' claims against Spaulding and Taylor.

## II. **Does the Court Have Personal Jurisdiction Over Spaulding and Taylor?**

Spaulding and Taylor next argue that the Court lacks personal jurisdiction over them. Spaulding and Taylor are non-resident Defendants. The initial inquiry is whether state law allows the Court to exercise personal jurisdiction over Spaulding and Taylor. *Patin v. Thoroughbred Power Boats Inc.*, 294 F.3d 640, 652 (5th Cir. 2002) (explaining that "a federal court has personal jurisdiction over a nonresident defendant to the same extent that a state court in that forum has such jurisdiction"). The Texas long-arm statute authorizes the exercise of personal jurisdiction to the full extent authorized by the Due Process Clause of the Fourteenth Amendment. TEX. CIV. PRAC. & REM. CODE ANN. § 17.042 (Vernon 1997); *Cent. Freight Lines Inc. v. APA Transp. Corp.*, 322 F.3d 376, 380 (5th Cir. 2003). Accordingly, the Court must determine to what extent the Fourteenth Amendment permits a state to exercise personal jurisdiction over non-resident defendants.

Due process requires that a defendant has contacts with the forum state that indicate the "defendant has purposefully directed" his or her activities towards the state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985); *Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 375 (5th

Cir. 2003), *cert. denied*, 540 U.S. 1111 (2004). Personal jurisdiction can either be general or specific, depending on the nature of the defendant's contacts. General jurisdiction is appropriate when the defendant's contacts with the forum state are unrelated to the litigation and are "continuous and systematic." *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984); *Religious Tech. Ctr.*, 339 F.3d at 374. Specific jurisdiction is appropriate when the litigation arises out of the defendant's contacts with the forum state, and the defendant has "minimum contacts" with the state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980); *Religious Tech. Ctr.*, 339 F.3d at 375.

In this case, the only contact Plaintiffs state that Spaulding or Taylor had with Texas is that Taylor "[came] within the jurisdiction of the Northern District of Texas to procure false sworn testimony from Customs Agent Scott E. Springer." (*Pl.'s Am. Compl.* at 10.) The only other possible contact Plaintiffs allege is Plaintiffs' claim that Spaulding and Taylor conspired with other Defendants, who lived in Texas, to have Plaintiffs prosecuted in the Northern District of Texas for export violations. (*See id.* at 11-12.) However, the Court cannot consider this claimed contact as part of its personal jurisdiction analysis because, other than conclusory allegations of conspiracy, Plaintiffs do not cite specific communications between Spaulding and Taylor and Texas-based Defendants. Plaintiffs merely claim such a conspiracy existed, but they do not cite the reason for their belief, explain the nature of the relationship, the nature of the communications, or any other reason from which the Court can conclude that Spaulding and Taylor had contacts with Texas pursuant to this alleged conspiracy. Therefore, the sole contact the Court can consider is Plaintiffs' claim that Taylor visited Texas on November 18, 1997. (*See id.* at 10, 13.)

The Court finds that it does not have general jurisdiction over Taylor because one contact

5

is obviously insufficient for the Court to conclude that Taylor had "continuing and systematic" contacts with Texas. *See Helicopteros*, 466 U.S. at 414-15. In addition, the Court concludes that it does not have general or specific jurisdiction over Spaulding because Plaintiffs do not cite a single contact Spaulding had with Texas. Thus, the only remaining issue is whether the Court has specific jurisdiction over Taylor, based upon his single visit to Texas.

  A court may exercise specific jurisdiction over a defendant when the litigation arises out of the defendant's contacts with the forum state, and the defendant has "minimum contacts" with the state. *World-Wide Volkswagen Corp.*, 444 U.S. at 291; *Religious Tech. Ctr.*, 339 F.3d at 375. The litigation must relate or arise out the activities directed at the forum. *Helicopteros*, 466 U.S. at 414. The benchmark of minimum contacts analysis is whether "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp.*, 444 U.S. at 297. Once the plaintiff has demonstrated that the defendant had minimum contacts with the forum, the Court must then consider whether "the exercise of personal jurisdiction over the defendant offends traditional notions of fair play and substantial justice." *Burger King Corp.*, 471 U.S. at 476.

  The Court concludes that it does not have specific jurisdiction over Taylor. The Court finds that one visit to Texas by Taylor is not a sufficient basis for the Court to conclude that Taylor purposefully directed his activities towards Texas. *See International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Nor can the Court conclude that Taylor could foresee being haled into court in Texas because of his one visit to the state. *See World-Wide Volkswagen Corp.*, 444 U.S. at 297. Thus, the Court concludes that it lacks personal jurisdiction over both Spaulding and Taylor.

## **CONCLUSIONS**

The Court concludes that the statute of limitations bars Plaintiffs' claims against Spaulding and Taylor. In addition, the Court alternatively concludes that the District Court does not have personal jurisdiction over Spaulding and Taylor.

### **RECOMMENDATION**

The Court recommends that the District Court grant Spaulding and Taylor's motion to dismiss and dismiss Plaintiffs' claims against Spaulding and Taylor with prejudice.

Signed this 14th day of August, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).