# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| **ALI ODEH, and OSAMA "SAM" ODEH,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:06-CV-0225-K** |
| | § | |
| **RICHARD B. ROPER, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the District Court's Order of Reference, this case has been referred to the United States Magistrate Judge.  Before the Court is Defendant Michael P. Heiskell's Motion to Dismiss, filed July 7, 2006.  Plaintiffs Ali Odeh and Osama "Sam" Odeh did not file a response.

## BACKGROUND

The Odeh family engaged in the business of exporting used vehicles to Kuwait.  (*Pl.'s Am. Compl.* at 3.)  Ali Odeh and his sons, including Sam Odeh, are naturalized United States citizens.  (*Id.* at 4.)  In 1996, the Odeh family was prosecuted for violating federal export laws.  (*Id.* at 5.)  Plaintiffs claim that the prosecution was fraudulent and was initiated to help the Kuwait royal family destroy the Odehs' business.  (*Id.* at 4.)  As part of the criminal prosecution, multiple searches and seizures of the Odehs' property occurred.  (*Id.* at 4-5.)

Plaintiffs claim that their prosecution was based upon allegations that they re-set the odometers on the cars they exported but that Defendants had no evidence of such activity.  (*Id.* at 5.)  Plaintiffs' complaint seems to indicate that Ali Odeh and his sons were convicted and that Sam Odeh was convicted of a "misprision" charge in 1998, when he returned from Kuwait.  (*Id.* at 15-16.)  Sam ultimately plead guilty to the charges before Judge Maloney.  (*Id.* at 17.)  Plaintiffs claim

that Defendants conspired to "steal the case from the bench of the U.S. Judge who had lawful jurisdiction." (*Id.*)

Defendant Michael Heiskell ("Heiskell") seemed to have represented Sam Odeh in the underlying preceding. (*See id.* at 16.) Plaintiffs allege that Heiskell's name was fraudulently added to the docket, which reflected that Sam Odeh had retained Heiskell as his counsel. (*Id.*) Plaintiffs claim that Sam did not retain Heiskell and that Heiskell was part of a conspiracy to secure a guilty plea from Sam. (*Id.*)

Plaintiffs initiated this action pursuant to *Bivens*[1] and 42 U.S.C. § 1983 on March 31, 2006, and filed an amended complaint on April 28, 2006. Plaintiffs named sixteen Defendants and one unknown Fifth Circuit Judge. Plaintiffs claim that Defendants violated their Fifth Amendment rights to not be held to answer for a crime unless on presentment of indictment to a grand jury, their Fifth Amendment due process rights, their Sixth Amendment rights to effective assistance of counsel, and their Sixth Amendment rights to be informed of the charges against them. (*Id.* at 24.)

Heiskell filed a motion to dismiss on July 7, 2006. Heiskill claims that: (1) the applicable statute of limitations bars Plaintiffs' claims against him; (2) the doctrine enunciated in *Heck v. Humphrey*, 512 U.S. 477 (1994), bars Plaintiffs' claims; and (3) Plaintiffs have failed to state a claim.

## STANDARD OF REVIEW

When considering a motion to dismiss, the Court accepts as true the factual allegations plead by the non-moving party and any reasonable inferences that the Court can draw from the factual

---

[1]*See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

allegations. *Sw. Airlines Co. v. Farechase, Inc.*, 318 F. Supp. 2d 435, 437 (N.D. Tex. 2004) (citing *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994)). The non-moving party "must plead specific facts, not mere conclusory allegations" to survive a motion to dismiss. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The movant cannot easily prevail because the law does not favor motions to dismiss. *Mahone v. Addicks Util. Dist.*, 836 F.2d 921, 926 (5th Cir. 1988). Courts should not grant a motion to dismiss unless "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Since Plaintiffs in this case are proceeding *pro se*, the Court must construe the allegations in the complaint liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam); *Sec. & Exch. Comm'n v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam). The Court has an obligation to construe *pro se* plaintiffs' briefs more permissively and to make more allowances. *AMX, Int'l, Inc.*, 7 F.3d at 75. "[P]ro se litigant[s] [are] subject to less stringent standards than [those] represented by counsel." *Id.* (citing *Hughes v. Rowe*, 449 U.S. at 9).

## DISCUSSION

### I. Does the Statute of Limitations Bar Plaintiffs' Claims?

Heiskell first argues that the applicable statute of limitations bars Plaintiffs' claims. (*Def.'s Mot.* at 1-2.) In a *Bivens* action, state law governs the limitations period, which is two years in Texas. *Brown v. Nations Bank Corp.*, 188 F.3d 579, 590 (5th Cir. 1999). In § 1983 actions, the general personal injury limitations period prescribed by state law applies. *Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998). The Texas statute of limitations for personal injury actions is two years. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon 1997). Therefore, the applicable

limitations period in this case is two years.

All of Plaintiffs' allegations against Heiskell stem from Sam Odeh's criminal conviction and the related proceedings, which began in 1996 and ended in 1998 with Sam's conviction.  (*See Pl.'s Compl.* at 6-9, 15-17.)  Plaintiffs' claims against Heiskell do not make a single reference to a time period outside of 1998.  (*See id.*)  The only allegations in Plaintiffs' entire complaint that occurred during the applicable limitations period are allegations concerning Sam Odeh's coram nobis motion that he filed in the Northern District of Texas on June 9, 2004.  (*See id.* at 18-24.)   However, none of Plaintiffs' claims concerning the alleged mishandling of Sam's coram nobis motion relate to Heiskell.  (*See id.*)   The Court accordingly concludes that the two-year limitations period bars Plaintiffs' claims against Heiskell.

## II.  **Does the *Heck* Doctrine Bar Plaintiffs' Claims?**

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that:

[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id.* at 486-87.  Accordingly, this Court cannot award a judgment in favor of a party if such a judgment would "necessarily imply the invalidity of a conviction or pending charges."  *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996).  Plaintiffs' claims against Heiskell stem from Sam Odeh's criminal conviction.  Plainitffs argue that actions taken by Heiskell in the course of the criminal

prosecution violated their constitutional rights.  If Plaintiffs' claims are taken as true, they necessarily impugn the validity of the conviction.  Thus, before the Court can consider Plaintiffs' allegations, Plaintiffs must plead facts demonstrating that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Heck*, 512 U.S. at 486-87.  Since Plaintiffs have failed to allege such facts, the Court concludes that Heiskell's motion to dismiss should be granted.  Because the Court finds that both the statute of limitations and the *Heck* doctrine bar Plaintiffs' claims against Heiskell, the Court does not address Heiskell's failure to state a claim argument.

## CONCLUSIONS

The Court concludes that the two-year limitations period bars Plaintiffs' claims against Heiskell.  Alternatively, the Court concludes that the *Heck* doctrine bars Plaintiffs' claims against Heiskell.

## RECOMMENDATION

The Court recommends that the District Court grant Heiskell's motion to dismiss and dismiss Plaintiffs' claims against Heiskell with prejudice.

Signed this 24th day of August, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

5

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these conclusions and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).