IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **ALI ODEH and OSAMA ODEH,** § | |
| § | |
| **Plaintiffs,** § | |
| § | |
| v. § | Civil Action No. 4:06-CV-0225-K |
| § | ECF |
| **RICHARD ROPER, et al.,** § | |
| § | |
| **Defendants.** § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's Standing Order of Reference and Order (docs. 43 & 50), this case has been referred to the United States Magistrate Judge for pretrial management. Before this Court is defendant Tim Evans' ("Defendant Evans") motion to dismiss (doc. 35). Plaintiffs Ali Odeh and Osama Odeh ("Plaintiffs") have not filed a response. For the reasons stated below, this Court recommends that the motion to dismiss (doc. 35) be **GRANTED**.

**I. BACKGROUND**

The Odeh family engaged in the business of exporting used vehicles to Kuwait. Pl.'s Am. Compl. at 3. Ali Odeh and his sons, including Osama Odeh, are naturalized United States citizens. *Id.* at 4. In 1996, the Odeh family was prosecuted for violating federal export laws. *Id.* at 5. Plaintiffs claim that the prosecution was fraudulent and was initiated to help the Kuwait royal family destroy the Odehs' business. *Id.* at 4. As part of the criminal prosecution, multiple searches and seizures of the Odehs' property occurred. *Id.* at 4-5. Plaintiffs claim that their prosecution was based upon allegations that they re-set the odometers on the cars they exported but that the defendants had no evidence of such activity. *Id.* at 5. Plaintiffs' complaint appears to indicate that Osama Odeh's brothers pled guilty to those charges and that Osama Odeh pled guilty to a misprision

charge in 1998, when he returned from Kuwait. *Id.* at 8, 15-16. Plaintiffs also indicate that Plaintiff Ali Odeh was not in the country at the time that his sons were prosecuted and that the case against him was later dismissed. *Id*. at 8 n.9.

Plaintiffs initiated this action pursuant to *Bivens*[1] and 42 U.S.C. § 1983 on March 31, 2006, and filed an amended complaint on April 28, 2006. Plaintiffs named sixteen defendants and one unknown Fifth Circuit Judge. Plaintiffs claim that the defendants violated (1) their Fifth Amendment right to not be held to answer for a crime unless on a presentment or indictment of a grand jury, (2) their Fifth Amendment due process right, (3) their Sixth Amendment right to effective assistance of counsel, and (4) their Sixth Amendment right to be informed of the charges against them. *Id.* at 24. Defendant Evans appears to have been retained by Osama Odeh and one of his brothers, Jamal Odeh, in the underlying proceedings. *See id*. at 6. Plaintiffs allege that Defendant Evans assisted in securing the wrongful convictions of the Odeh brothers through fabricating evidence and other improper means. *Id*. at 6-8, 15-17. Defendant Evans filed his motion to dismiss on May 8, 2006.

## II. STANDARD OF REVIEW

When considering a motion to dismiss, the Court accepts as true the factual allegations pled by the non-moving party and any reasonable inferences that the Court can draw from the factual allegations. *Sw. Airlines Co. v. Farechase, Inc.*, 318 F. Supp. 2d 435, 437 (N.D. Tex. 2004) (citing *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994)). The movant cannot easily prevail because the law does not favor motions to dismiss. *Mahone v. Addicks Util. Dist.*, 836 F.2d

---

[1] *See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

921, 926 (5th Cir. 1988). Courts should not grant a motion to dismiss unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). However, the plaintiff "'must plead specific facts, not mere conclusory allegations . . . .'" to survive a motion to dismiss. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992) (quoting *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)).

Since Plaintiffs in this case are proceeding *pro se*, the Court must construe the allegations in the complaint liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam); *Sec. & Exch. Comm'n v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam). The Court has an obligation to construe *pro se* plaintiffs' briefs more permissively and to make more allowances. *AMX, Int'l, Inc.*, 7 F.3d at 75. "[P]ro se litigant[s] [are] subject to less stringent standards than [those] represented by counsel." *Id*. (citing *Ortiz v. Cornetta*, 867 F.2d 146, 148 (2d Cir. 1989)).

### III. ANALYSIS

#### A. Statute of Limitations

Defendant Evans contends that the applicable statute of limitations bars Plaintiffs' claims. Def.'s Br. at 4. In a *Bivens* action, state law governs the limitations period, which is two years in Texas. *Brown v. Nationsbank Corp.*, 188 F.3d 579, 590 (5th Cir. 1999). In § 1983 actions, the general personal injury limitations period prescribed by state law applies. *Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998). The Texas statute of limitations for personal injury actions is two years. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon 2006). Therefore, the applicable limitations period in this case is two years.

All of Plaintiffs' allegations against Defendant Evans stem from the Odeh brothers' criminal

convictions and related proceedings, which began in 1996 and ended in 1998 with Osama Odeh's conviction. *See* Pl.'s Am. Compl. at 6-8, 15-17. Plaintiffs' claims against Defendant Evans do not make any references to a time period outside of 1998. *See id.* The only allegations in Plaintiffs' entire complaint that occurred during the applicable limitations period are allegations concerning Osama Odeh's *coram nobis* motion that he filed in the Northern District of Texas on June 9, 2004. *See id.* at 18-24. However, none of Plaintiffs' claims concerning the alleged mishandling of Osama's *coram nobis* motion relate to Defendant Evans. *See id.* Plaintiffs filed their complaint on March 31, 2006. This Court accordingly concludes that the two-year limitations period bars Plaintiffs' claims against Defendant Evans.

### B. *Heck* Doctrine

Defendant Evans also argues that Plaintiffs' claims are barred by the *Heck* doctrine. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id.* at 486-87. Accordingly, this Court cannot award a judgment in favor of a party if such a judgment would "necessarily imply the invalidity of a conviction or pending charges." *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996). Plaintiffs contend that actions taken by Defendant Evans in the course of the criminal prosecution violated their constitutional rights. *Id*. at 24. If Plaintiffs' claims are taken as true, they necessarily impugn the validity of the conviction. Thus, before the Court can consider Plaintiffs' allegations, Plaintiffs must plead facts demonstrating that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared

invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. Since Plaintiffs have failed to allege such facts, this Court concludes that Defendant Evans' motion to dismiss should be granted. Because this Court finds that both the statute of limitations and the *Heck* doctrine bar Plaintiffs' claims against Defendant Evans, this Court does not address Defendant Evans' other arguments in support of his motion to dismiss.

### III. RECOMMENDATION

For the reasons stated above, this Court recommends that the District Court **GRANT** Defendant Evans' motion to dismiss (doc. 35).

**SO RECOMMENDED**. October 16, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these conclusions and

5

recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).