IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **ALI ODEH and OSAMA ODEH,** § | |
| § | |
| **Plaintiffs,** § | |
| § | |
| v. § | Civil Action No. 4:06-CV-0225-K |
| § | ECF |
| **RICHARD ROPER, et al.,** § | |
| § | |
| **Defendants.** § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the District Court's Standing Order of Reference and Order (docs. 43 & 50), this case has been referred to the United States Magistrate Judge for pretrial management. For the reasons stated below, this Court recommends that the District Court sua sponte **DISMISS with prejudice** Plaintiffs' claims against Judge E. Grady Jolly.

### I. BACKGROUND

The Odeh family engaged in the business of exporting used vehicles to Kuwait. Pls.' Am. Compl. at 3. Ali Odeh and his sons, including Osama Odeh, are naturalized United States citizens. *Id.* at 4. In 1996, the Odeh family was prosecuted for violating federal export laws. *Id.* at 5. Plaintiffs claim that the prosecution was fraudulent and was initiated to help the Kuwait royal family destroy the Odehs' business. *Id.* at 4. As part of the criminal prosecution, multiple searches and seizures of the Odehs' property occurred. *Id.* at 4-5. Plaintiffs claim that their prosecution was based upon allegations that they re-set the odometers on the cars they exported but that the defendants had no evidence of such activity. *Id.* at 5. Plaintiffs' complaint appears to indicate that Osama Odeh's brothers pled guilty to those charges and that Osama Odeh pled guilty to a misprision

charge in 1998, when he returned from Kuwait. *Id.* at 8, 15-16.  Plaintiffs also indicate that Plaintiff Ali Odeh was not in the country at the time that his sons were prosecuted and that the case against him was later dismissed. *Id*. at 8 n.9.

Plaintiffs initiated this action pursuant to *Bivens*[1] and 42 U.S.C. § 1983 on March 31, 2006, and filed an amended complaint on April 28, 2006.  Plaintiffs named sixteen defendants and one unknown Fifth Circuit Judge, whom Plaintiffs later identified as Judge E. Grady Jolly.  Plaintiffs claim that the defendants violated (1) their Fifth Amendment right to not be held to answer for a crime unless on a presentment or indictment of a grand jury, (2) their Fifth Amendment due process right, (3) their Sixth Amendment right to effective assistance of counsel, and (4) their Sixth Amendment right to be informed of the charges against them. *Id.* at 24.  Plaintiffs' claims against Judge Jolly relate to his alleged mishandling of Osama Odeh's appeal of the District Court's decision on Osama Odeh's coram nobis motion. *Id*. at 22-23.

## II. STANDARDS OF REVIEW

The District Court may "sua sponte dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion County Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 631 (1962); citing *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241 (5th Cir. 1980); citing *Lopez v. Aransas County Ind. Sch. Dist.*, 570 F.2d 541 (5th Cir. 1978)).  Since Plaintiffs in this case are proceeding pro se, the Court should construe the allegations in the complaint liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam); *Sec. & Exch. Comm'n v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir.

---

[1] *See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

1993) (per curiam). "[P]ro se litigant[s] [are] subject to less stringent standards than [those] represented by counsel." *Id*. (citing *Ortiz v. Cornetta*, 867 F.2d 146, 148 (2d Cir. 1989)).

### III. ANALYSIS

Judges have absolute immunity from suit and the assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam); *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005). Judges receive absolute immunity even against accusations that they acted maliciously or corruptly. *Mireles*, 502 U.S. at 11. Absolute immunity extends to all judicial tasks of judges but not to administrative or executive tasks. *See Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993). "Judicial immunity can be overcome in two sets of circumstances: (1) 'a judge is not immune for liability for non-judicial actions . . .'; and (2) 'a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.'" *Ballard*, 413 F.3d at 515 (quoting *Mireles*, 502 U.S. at 11-12).

Plaintiffs do not allege that Judge Jolly lacked jurisdiction to handle the appeal. Therefore, the Court examines whether Judge Jolly's alleged conduct is properly classified as the performance of judicial functions. Plaintiffs' claims against Judge Jolly relate to his alleged mishandling of Osama Odeh's appeal of the District Court's decision on Osama Odeh's coram nobis motion. Pls.' Am. Comp. at 22-23. Specifically, Plaintiffs claim that Judge Jolly "did not relish facing said biref [sic], with its allegations of wholesale attorney fraud and actual innocence . . . ." *Id*. at 22. Furthermore, Plaintiffs contend that Judge Jolly directed "the clerks in the 5th Circuit collusion to protect the powerful Defendants . . . ." *Id*. at 23.

Four factors guide the Court's analysis when determining whether judges performed judicial functions:

3

(1) whether the precise act complained of is a normal judicial function;

(2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers;

(3) whether the controversy centered around a case pending before the court; and

(4) whether the acts directly related to a visit to the judge in his official capacity.

*Malina*, 994 F.2d at 1124. "The four factors are to be broadly construed in favor of immunity . . . ." *Id*. Based upon an examination of these factors, Judge Jolly's alleged actions occurred while performing judicial functions. The allegation concerning Judge Jolly's review of Osama Odeh's appeals brief is a routine judicial function, taking place in Judge Jolly's chambers, clearly centered around a pending case, and related to Judge Jolly's duties in his official capacity. In addition, Plaintiffs' allegation that Judge Jolly directed the clerk to protect the defendants named in the coram nobis motion do not overcome Judge Jolly's judicial immunity because the claimed conduct still was performed in connection with a case before Judge Jolly. Judicial immunity bars even suits based upon malicious or corrupt conduct of judges. *Mireles*, 502 U.S. at 11. Because this Court concludes that Judge Jolly's alleged actions occurred in connection with the performance of judicial functions and that he did not act in the complete absence of jurisdiction, the Court finds that absolute judicial immunity bars Plaintiffs' claims against him.

## IV. RECOMMENDATION

For the reasons stated above, this Court recommends that the District Court sua sponte **DISMISS with prejudice** Plaintiffs' claims against Judge Jolly.

**SO RECOMMENDED** this 20th day of October, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

5

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these conclusions and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.   *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).